# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| JUNE M. CANTRELL, FREDDIE CANTRELL, JR., <br><br> Plaintiffs, <br> vs. <br><br> CAPITOL ONE, N.A., ING BANK, BANK OF AMERICA, COUNTRYWIDE BANK, RECONTRUST COMPANY, QUALITY LOAN SERVICE CORP., <br><br> Defendants. | Case No.: 2:15-cv-0257-GMN-VCF <br><br> **ORDER** |

Pending before the Court is a Motion to Dismiss (ECF No. 6) filed by Defendants Bank of America ("BOA"), Countrywide Bank ("Countrywide"), and Recontrust Company ("Recontrust"), and joined by Defendant Quality Loan Service Corp. ("QLS") (ECF No. 10) and Capitol One, N.A. ("CONA") (ECF No. 17) (collectively, "Defendants"). *Pro se* Plaintiffs Freddie Cantrell, Jr. and June M. Cantrell (collectively, "Plaintiffs") filed a Response (ECF No. 11), and Defendants filed a Reply (ECF No. 12). Plaintiffs also filed a second Response to Defendants' Motion to Dismiss (ECF No. 14). Defendant CONA's Joinder was also styled as a Motion to Dismiss (ECF No. 17), to which Plaintiffs Responded (ECF No. 18), and CONA Replied (ECF No. 24).

Also pending before the Court is Plaintiffs' Motion for Emergency Hearing (ECF No. 13) and Motion for Summary Judgment (ECF No. 15), which are both duplicates of Plaintiffs' second Response (ECF No. 14) filed under different titles.[1] Defendant CONA filed an

---

[1] Plaintiffs' Motion for Emergency Hearing requests a hearing to prevent the sale of Plaintiffs' property, but Plaintiffs fail to provide any legal basis for the Court to grant their motion. Accordingly, Plaintiffs' Motion for

Objection to Plaintiffs' Request for Hearing and Motion to Continue Deadline to Respond to Plaintiffs' Motion for Summary Judgment (ECF No. 19), joined by Defendant QLS (ECF No. 20). Defendants BOA, Countrywide, and Recontrust also filed a Response opposing Plaintiffs' Motion for Summary Judgment (ECF No. 23) and a Motion to Strike Plaintiffs' Motion for Hearing and [second] Response to Motion to Dismiss (ECF No. 25).[2] Plaintiffs filed a Reply supporting their Motion for Summary Judgment (ECF No. 26).

## I.  BACKGROUND

This case arises from Plaintiffs' efforts to obtain title free of all properly recorded liens on real property located at 2717 Saint Clair Drive, Las Vegas, Nevada 89128 (the "Property"). (*See* Compl. ¶ 55–56, ECF No. 1). On October 1, 2004, Plaintiffs obtained a loan in the amount of $382,500.00 that was secured by a Deed of Trust on the Property. (Deed of Trust, Ex. A to Mot. to Dismiss, ECF No. 6-1).[3] It appears that upon origination of Plaintiffs' loan, the lender was Republic Mortgage LLC, the servicer was Countrywide, and the trustee was First American Title Company. (*Id.* at 2). Plaintiffs appear confused as to how each of the Defendants are involved in their case, and they describe this frustration as background for some of their causes of action. (*See*, *e.g.*, Compl. ¶ 7, 10, 24).

---

Emergency Hearing (ECF No. 13) is denied. Further, as discovery has not yet begun, Plaintiffs' Motion for Summary Judgment is premature. Defendants cannot yet ascertain "facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Accordingly, Plaintiffs' Motion for Summary Judgment (ECF No. 15) is denied without prejudice.

[2]  Defendants' argue in their Motion to Strike that Plaintiffs' Motion for Hearing (ECF No. 13) and second Response to Motion to Dismiss (ECF No. 14) "are unnecessarily redundant. . . . Plaintiffs merely filed the same pleading three separate times under different names." (Mot. to Strike 2:28–3:1, ECF No. 25). The Court's denial of Plaintiffs' Motion for Hearing (*see supra* note 1) renders this part of Defendants' motion moot. Next, regarding Plaintiffs' second Response, Local Rule 7-2(a)–(c) permits a motion, a response, and a reply. Any additional briefing must be approved by the Court. *See* LR 7-2. Because Plaintiffs already responded to Defendants' Motion to Dismiss (ECF No. 11), Plaintiffs' second Response (ECF No. 14) is improper and should be stricken. Accordingly, Defendants' Motion to Strike (ECF No. 25) is denied as moot as to Plaintiffs' Motion for Hearing (ECF No. 13), and granted as to Plaintiffs' Response to Motion to Dismiss (ECF No. 14).

[3]  As matters of public record, the Court takes judicial notice of the documents attached to Defendants' Motions to Dismiss (ECF Nos. 6, 10, 17). *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

The scant facts provided by Plaintiffs in the Complaint describe a "loan modification meeting" with a mediator, which took place on June 3, 2010. (*Id.* ¶ 29–34). Plaintiffs also allege that Notices of Breach and Default were placed on their front door and mailed to them, along with "excessive and continuous phone calls throughout the day, and well after 9:00 pm; and recently leaving a threatening phone message." (*Id.* ¶ 36–39, 42).

In light of the fact that Plaintiff is proceeding *pro se* in this litigation, the Court attempts to liberally construe Plaintiffs' pleadings. Plaintiffs' Complaint appears to allege the following causes of action: (1) civil conspiracy, (2) Truth in Lending Act ("TILA") violations, (3) predatory lending practices, (4) fraudulent appraisal, (5) breach of fiduciary duties, and (6) Fair Debt Collection Practices Act ("FDCPA") violations. (*Id.* ¶ 4).

## II.     LEGAL STANDARD

### A. Motion to Dismiss

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b)

for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dep't,* 530 F.3d 1124, 1129 (9th Cir. 2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because they "impose unfair burdens on litigants and judges." *McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir. 1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiffs' pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.,* 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by

amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

### A. Civil Conspiracy[4]

In order to plead an actionable claim for civil conspiracy to defraud, a plaintiff must plead that "there is (1) a conspiracy agreement; (2) an overt act of fraud in furtherance of the conspiracy; and (3) resulting damages to the plaintiff." *Goodwin v. Exec. Tr. Servs., LLC,* 680 F.Supp.2d 1244, 1254 (D. Nev. 2010).  A complaint alleging conspiracy to defraud must meet the particularity requirements of Federal Rule of Civil Procedure 9(b), demonstrating specifically that defendants "directed themselves towards this wrongful goal by virtue of a mutual understanding or agreement." *Id.* (citation omitted).  "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) (internal quotation marks omitted).  The "who, what, when, where, and how" of the fraudulent conspiracy must be alleged in the complaint. *Ness v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003).

Here, Plaintiffs provide general allegations against the mortgage industry as a whole, but fail to specify which defendants agreed to what regarding any fraud and how that agreement

---

[4] To the extent that Plaintiffs appear to allege predatory lending practices as a cause of action, the Court finds this claim is intertwined with Plaintiffs' claim for civil conspiracy and otherwise does not exist as its own cause of action.  Accordingly, any separate claim for predatory lending practices is dismissed with prejudice.

related to Plaintiffs. (Compl. ¶ 5–7, ECF No. 1).  Accordingly, this claim is dismissed with leave to amend.

### B. TILA Violations

Plaintiffs assert a cause of action under TILA because "Defendants never informed Plaintiffs of their TILA-Right to Rescission at any time." (*Id.* ¶ 7, 11–21).  TILA was enacted in 1968 "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a).  TILA provides a one-year statute of limitations period for claims of civil damages beginning "from the date on which the first regular payment of principal is due under the loan." 15 U.S.C. § 1640(e).  However, equitable tolling is available to stay the statute of limitations if the plaintiff has been prevented from discovering any potential TILA claims against defendants. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).

A rescission remedy under TILA is only available for three years, and the statute of limitations period begins at the "consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f).  This statute of limitations period, unlike the statute of limitations applicable to a TILA damages claim, is an absolute limitation not subject to equitable tolling. *Martinez v. Bank of America*, No. 2:10-cv-01387-GMN-LRL, 2011 WL 1740146, at *2 (D. Nev. May 5, 2011).

Here, the statute of limitations for rescission started running in 2004, when Plaintiffs consummated the transaction of purchasing their home. (Deed of Trust, Ex. A to Mot. to Dismiss, ECF No. 6-1).  Accordingly, the Court finds that their last opportunity to bring a TILA rescission claim would have been in 2007.  Thus, the Court dismisses Plaintiffs' TILA claim for rescission without leave to amend.

However, Plaintiff may have a TILA claim for damages.  For a TILA damages claim, Plaintiffs must plead specific facts demonstrating Defendants' violation of the disclosure

requirements set forth in TILA. *West v. ReconTrust Co.*, No. 2:10-cv-01950-GMN-LRL, 2011 WL 3847174, at *6 (D. Nev. August 30, 2011). Although the one-year statute of limitations for a TILA damages claim has already run for Plaintiffs, they may still be able to apply equitable tolling to their TILA damages claim if they can appropriately plead that Defendants prevented them from discovering TILA violations. *Woodson v. Bank of America*, No. 2:10-cv-01359-KJD-GWF, 2011 WL 2135404, at * 1 (D. Nev. May 31, 2011). However, Plaintiffs' conclusory statements, such as "Defendants never provided Plaintiffs with the disclosures required by law under TILA" (Compl. ¶ 19), do not provide specific facts or allege a basis for equitable tolling. Accordingly, Plaintiffs' TILA claim for damages is dismissed with leave to amend.

### C. Fraudulent Appraisal

Plaintiffs contend that their "mortgage was based on a fraudulent appraisal . . . because Plaintiffs [sic] home was purchased for $425,000 and its value is only half of that amount." (Compl. ¶ 8, ECF No. 1). Plaintiffs further argue that this fraud was encouraged by the lenders: "[I]f appraiser's [sic] did not comply then lender's [sic] refused to pay for the appraisal's [sic] and/or black listing [sic] honest appraiser's [sic]." (*Id.*) Nevada law imposes liability under a theory of respondeat superior "only when the employee is under the control of the employer and when the act is within the scope of employment." *Rockwell v. Sun Harbor Budget Suites,* 925 P.2d 1175, 1179 (Nev. 1996) (citation omitted). Here, Plaintiff has not alleged any agency relationship showing that the specific appraisers of Plaintiffs' home were under the control of any particular Defendant. Absent these allegations, Plaintiffs have failed to state a claim upon which relief may be granted. The Court dismisses these claims but gives Plaintiffs leave to amend to allege additional facts that signify a legal agency relationship, assent to the relationship, control over the agent, and the scope of the relationship.

### D. Breach of Fiduciary Duties

A breach of fiduciary duty claim requires Plaintiffs to show the existence of a fiduciary duty, the breach of that duty, and damages proximately caused by the breach. *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 880–81 (9th Cir. 2007) (applying Nevada law). "A fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *Stalk v. Mushkin*, 199 P.3d 838, 843 (Nev. 2009). Fiduciary relationships arise where the parties do not deal on equal terms and there is special trust and confidence placed in the superior party. *Hoopes v. Hammargren*, 725 P.2d 238, 242 (Nev. 1986). Moreover, courts have repeatedly held that a lender owes no fiduciary duties to a borrower absent exceptional circumstances, such as when a special relationship exists between the two parties. *See Yerington Ford, Inc. v. Gen. Motors Acceptance Corp.*, 359 F. Supp. 2d 1075, 1090 (D. Nev. 2004) ("The Court is satisfied that the Nevada Supreme Court would hold that an arms-length lender-borrower relationship is not fiduciary in nature, absent exceptional circumstances."), *aff'd in relevant part by Giles*, 494 F.3d at 880.

Here, Plaintiffs allege that Defendants QLS and Recontrust breached their fiduciary duties as trustees by "identif[ying] themselves as 'debt collector[s]' on the Notices of Default." (Compl. ¶ 52, ECF No. 1). Plaintiffs provide no legal basis for treating a mortgage trustee differently than a lender with respect to a fiduciary relationship, and the Court found no case law to indicate that the Nevada Supreme Court would acknowledge such a fiduciary duty. *See Yerington Ford*, 359 F.Supp.2d at 1088–1090 (providing an extensive discussion regarding when the Nevada Supreme Court has and has not recognized a fiduciary relationship). Plaintiffs have not alleged facts that could give rise to a special relationship or exceptional circumstances, nor have Plaintiffs sufficiently alleged any facts that Defendants breached any kind of actual duty. Mere designation as mortgage trustee does not amount to an exceptional

circumstance between a borrower and a lender that gives rise to a special relationship. Accordingly, Plaintiffs' claim for breach of fiduciary duty is dismissed with leave to amend to allege additional facts that indicate a fiduciary duty existed and specifically how that duty was breached.

### E.  FDCPA Violations

Lastly, Plaintiffs allege several violations of the FDCPA, 15 U.S.C. § 1692. (*See* Compl. ¶ 27–47, ECF No. 1).  The FDCPA "prohibits 'debt collectors' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins,* 514 U.S. 291, 292 (1995).  "To prevail on an FDCPA claim, the plaintiff must prove: 1) the defendant is a 'debt collector' as defined by the FDCPA, 2) plaintiff was the object of defendant's debt collection activity, and 3) the defendant violated some duty or prohibition of the FDCPA." *Spartalian v. Citibank, N.A.*, No. 2:12-cv-00742-MMD-PAL, 2013 WL 5437347, at *3 (D. Nev. Sept. 27, 2013).  A "debt collector" is defined as (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

"The Ninth Circuit, while rejecting the per se rule adopted by other Courts of Appeal that a creditor cannot be [a] debt collector[ ], has held that a plaintiff 'must plead factual content that allows the court to draw the reasonable inference that [Defendant] is a debt collector." *O'Connor v. Capital One, N.A.*, No. CV 14-00177-KAW, 2014 WL 2215965, at *5 (N.D. Cal. May 29, 2014) (internal quotations omitted); *see Schlegel v. Wells Fargo Bank, N.A.,* 720 F.3d 1204, 1208 n. 2 (9th Cir. 2013).  Although this factual content need not be particularly detailed, Rule 8 demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendants argue that Plaintiffs' FDCPA claims fail as a matter of law because Plaintiffs failed to plead factual content indicating that Defendants are debt collectors, "rather, Plaintiffs only conclusively state that [Defendants] are debt collectors." (Mot. to Dismiss 6:17, ECF No. 6).  Although Plaintiffs continually refer to Defendants as "debt collectors," Plaintiffs have not pled facts showing that this is in fact the case.  Plaintiffs merely assert that "Defendants violated Debt Collection Practices 15 USC 1692(e) by using false, deceptive and misleading statements in connection with their collection of Plaintiffs' mortgage debt, namely the false promise of modification." (Compl. ¶ 28, ECF No. 1).  However, Plaintiffs fail to plead any facts that suggest (1) that the "principal purpose" of Defendants' business is debt collection, (2) that Defendants regularly collect or attempt to collect, debts owed or due another, or (3) that Defendants were assigned a defaulted loan for the purposes of debt collection, which is generally required for a finding of debt collector status under the FDCPA. *Brown v. U.S. Bank Nat'l Ass'n,* C12–04587 HRL, 2013 WL 4538131, at *3 (N.D. Cal. Aug. 23, 2013).  In other words, Plaintiff's conclusory allegations are devoid of content.

Furthermore, even if any of the Defendants were debt collectors under the FDCPA, this district and other district courts in the Ninth Circuit have held that the FDCPA does not apply to a non-judicial foreclosure proceeding because such proceedings are not an attempt to collect a "debt" for the purposes of the statute. *See, e.g.*, *Megino v. Linear Financial*, No. 2:09-cv-00370-KJD-GWF, 2011 WL 53086, at *4 (D. Nev. Jan. 6, 2011); *Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D. Or. 2002).  Plaintiffs contend that Defendants' communications, including written notices of default and phone calls, violate the FDCPA (Compl. ¶ 35–47); however, these communications relate to Defendants proceeding on a non-judicial foreclosure, which is not considered debt collection under the FDCPA.

The FDCPA is inapplicable here because Defendants are not debt collectors and a non-judicial foreclosure proceeding is not an action to collect a debt.  The Court finds that

Plaintiffs' claims are conclusory and fail to show a plausible claim for relief. Federal Rule of Civil Procedure 15 permits the court to freely give leave to amend, "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). Accordingly, the Court finds that leave to amend Plaintiffs' claim of FDCPA violations would be futile, and this claim is dismissed with prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 6) is **GRANTED**. The following claims are dismissed with prejudice: (1) TILA claim for rescission; (2) predatory lending practices; and (3) FDCPA violations. Additionally, the following claims are dismissed without prejudice, with leave to amend: (1) civil conspiracy; (2) TILA claim for damages; (3) fraudulent appraisal; and (4) breach of fiduciary duty.

**IT IS FURTHER ORDERED** that Plaintiffs shall file their amended complaint by **March 28, 2016**. Failure to file an amended complaint by this date shall result in the Court dismissing these claims with prejudice and closing the case.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Emergency Hearing (ECF No. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment (ECF No. 15) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** Defendants' Motion to Strike (ECF No. 25) is **DENIED in part and GRANTED in part**. The motion is **DENIED as moot** as to Plaintiffs' Motion for Hearing (ECF No. 13), and **GRANTED** as to Plaintiffs' Response to Motion to Dismiss (ECF No. 14). The Clerk of Court shall **STRIKE** Plaintiffs' Response (ECF No. 14).

**DATED** this __7__ day of March, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court