# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JUNE M. CANTRELL, FREDDIE CANTRELL, JR.,

          Plaintiffs,

    vs.

CAPITOL ONE, N.A., ING BANK, BANK OF AMERICA, COUNTRYWIDE BANK, RECONTRUST COMPANY, QUALITY LOAN SERVICE CORP.,

          Defendants.

Case No.: 2:15-cv-0257-GMN-VCF

**ORDER**

Pending before the Court is the case of *Cantrell et al. v. Capitol One, N.A. et al.* (2:15-cv-0257-GMN-VCF). On March 7, 2016, the Court issued an Order dismissing the Complaint filed by Plaintiffs June M. Cantrell and Freddie Cantrell, Jr. ("Plaintiffs"). (ECF No. 30). In that Order, the Court granted Plaintiffs leave to file an amended complaint on or before March 28, 2016, to correct deficiencies in four of its claims. (*Id.*). However, Plaintiffs have since failed to file an amended complaint or request an extension of time to do so. For the reasons set forth below, the Court will dismiss Plaintiffs' claims with prejudice.

## I. DISCUSSION

In its prior Order, the Court ruled, *inter alia*, that Plaintiffs failed to state a claim upon which relief could be granted as to their claims for civil conspiracy, Truth in Lending Act ("TILA") claim for damages, fraudulent appraisal, and breach of fiduciary duty. (*Id.* at 11:10–11). Despite the Court's granting leave for Plaintiffs to support these claims with additional factual allegations in order to establish valid causes of action, Plaintiffs have failed to take any action whatsoever in this case.

The Court is at a loss in cases, such as this one, in which a plaintiff fails to participate in the judicial process and does not pursue its claims or even request an extension. However, the Court has an obligation to promote justice by allocating judicial resources to cases with ongoing disputes and active parties.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action based on a party's failure to obey an order of the Court.[1] The Ninth Circuit has specifically held that this rule may be applied when a plaintiff fails to file an amended complaint pursuant to a court-ordered deadline. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1260–61; *see also Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court will consider each of these factors in turn.

### 1. Public Interest

The Ninth Circuit has consistently held that "the public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). In this case, Plaintiffs have not only failed to file an amended complaint pursuant to the Court's explicit deadline, but they have also failed to request an extension or explain their failure to the Court. Therefore, this factor weighs in favor of dismissal.

///

---

[1] Although Rule 41(b) refers to a defendant's motion for dismissal, the Supreme Court has long held that district courts have the power to dismiss actions *sua sponte* based on a plaintiff's failure to comply with a court order. *See, e.g.*, *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

### 2. The Court's Need to Manage its Docket

The delays caused by Plaintiffs' failure to amend their claims have already consumed time and resources that the Court could have devoted to other cases. The Court's resources are best allocated to actions with active parties seeking to resolve their claims under the law. Thus, this factor also weighs in favor of dismissal.

### 3. Risk of Prejudice to Defendant

The Ninth Circuit recognizes that the risk of prejudice must be considered with reference to "the plaintiff's reason for defaulting." *Pagtalunan*, 291 F.3d at 642. However, in this matter, Plaintiffs have not offered any explanation for their failure to comply with the Court's order.

In its prior Order, the Court clearly identified numerous deficiencies in Plaintiffs' claims that they could attempt to correct in an amended complaint. (Order 5:8–6:2, 6:24–9:4, ECF No. 30). Rather than simply revise their Complaint to correct these deficiencies, Plaintiffs have taken no action in this case whatsoever.

"Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643. Considering Plaintiffs' ongoing failure to file an amended complaint without offering an explanation, the Court finds that the delay in this matter is unreasonable, and therefore, this factor weighs in favor of dismissal.

### 4. Public Policy Favoring Disposition on the Merits

Public policy and the preferences of this Court hold that legal claims should be resolved on their merits whenever possible. This factor weighs against dismissal.

### 5. Availability of Less Drastic Alternatives

In an attempt to avoid dismissal with prejudice, the Court granted Plaintiffs twenty-one days in which to file an amended complaint, but the Court warned that failure to file prior to this deadline would result in dismissal of its claims with prejudice. (Order 11:12–14, ECF No. 30). Additionally, in time that elapsed since the Court issued its Dismissal Order, Plaintiffs

could have requested an extension or otherwise clarified their position with the Court. Despite the Court's admonishment, Plaintiffs have not filed an amended complaint or taken any other action in this matter. Therefore, the Court has exercised less drastic alternatives without success, and this factor weighs in favor of dismissal.

Accordingly, as four of the five *Ferdik* factors weigh in favor of dismissal, the Court will dismiss Plaintiffs' claims with prejudice.

## II. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' claims for civil conspiracy, TILA claim for damages, fraudulent appraisal, and breach of fiduciary duty are **DISMISSED WITH PREJUDICE**.

The Clerk shall enter judgment accordingly and close the case.

**DATED** this __28__ day of April, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court